# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| **FORNELL ROBINSON** | **CIVIL ACTION NO. 3:13-cv-0963** |
|     **LA. DOC #124230** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **LARRY G. COX, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Fornell Robinson, proceeding *in forma pauperis*, filed the instant civil rights complaint on May 7, 2013. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections. He is incarcerated at the Madison Parish Detention Center (MPDC), Tallulah, Louisiana.  He complained that he was the victim of excessive force, that he was wrongfully placed in lock-down, that he was the victim of retaliation, that his grievances were ignored, and that the defendants have interfered with his right of access to the courts. He sued Madison Parish Sheriff Larry G. Cox and other corrections officers. He asked the Court to "take into account" his claims and thereafter "take whatever steps" deemed necessary.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

### *Background*

Plaintiff filed his original complaint on May 7, 2013; he was thereafter granted permission to proceed in forma pauperis. On June 18, 2013, the undersigned completed an initial

review of the pleadings as authorized by 28 U.S.C. §§1915 and 1915A and directed plaintiff to amend his complaint to provide the factual basis for his claims within 30 days, or, on or before July 18, 2013. [Doc. 8] Plaintiff did not respond to the amend order, nor has he contacted the Court since June 5, 2013, the day he submitted his completed application to proceed in forma pauperis. [Doc. 5]

### Law and Analysis

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). The undersigned evaluated the original complaint pursuant to 28 U.S.C. §§1915 and 1915A and directed petitioner to amend and provide the information needed to evaluate plaintiff's claims. Plaintiff disregarded that order and his failure to respond warrants dismissal of the complaint.[1] Therefore,

---

[1] It does not appear that dismissal at this time will result in the complete forfeiture of plaintiff's claims should he desire at some later date to pursue them. Nevertheless, even if the statute of limitations might bar petitioner from re-filing the instant suit, then dismissal at this juncture would still be appropriate even if it ultimately "deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2)

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITHOUT PREJUDICE** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*,** 79 F.3d 1415 (5th Cir.  1996).

In Chambers at Monroe, Louisiana, August 6, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.*

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case.  As previously noted, plaintiff has submitted an inadequate pleading; he was instructed to amend to provide factual support for his conclusory claims and he has failed to do so within the time limitation provided. Further, he has not otherwise requested an extension of the time needed to amend.

3